

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

Case: 2:22-cr-20184
Assigned To : Michelson, Laurie J.
Referral Judge: Patti, Anthony P.
Filed: 4/6/2022
IND USA V MORRISON (LH)

vs.

VIOLATIONS:
Tax Evasion
(26 U.S.C. § 7201)

Failure to File Tax Returns
(26 U.S.C. § 7203)

**D-1 ALBERT MORRISON,**

Defendant.

_____/

## INDICTMENT

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment the following facts were true, and
those facts are incorporated by reference into Counts 1-8:

1.      Madison District Public Schools was a public school district operating
in Madison Heights, Michigan.

2.      From in or about 2012 through 2018, defendant **ALBERT
MORRISON (MORRISON)** was the elected President of the Madison District
Public Schools Board of Education.

1

3.     *Owner A* was one of the owners of a building maintenance and reconstruction company (*Company A*) located in the Eastern District of Michigan.

4.     *Company A* was routinely awarded maintenance and construction projects in the Madison District Public Schools from 2014 through 2018.

5.     *Owner A* was a long-time friend of **MORRISON**.

6.     **MORRISON** was the sole owner of Comfort Consulting, LLC beginning in 2014 through 2018.

7.     On May 12, 2014, **MORRISON's** request for approval of articles of organization for Comfort Consulting was received and filed by the State of Michigan.

8.     On May 13, 2014, **MORRISON** applied for and received an Employer Identification Number (EIN) for Comfort Consulting from the United States Internal Revenue Service (IRS).

9.     On May 14, 2014, **MORRISON** opened a checking account in the name of Comfort Consulting at Comerica Bank in Sterling Heights, Michigan. **MORRISON** was the sole signor on the account.

10.     Beginning on May 19, 2014, *Owner A* wrote checks from *Company A* to Comfort Consulting which **MORRISON** deposited into the Comfort Consulting bank account.

11.     Federal regulations required banks to file a Currency Transaction

Report (CTR) for all cash transactions over $10,000, including the filing of a CTR if a check exceeding $10,000 was cashed.

12.     Most of *Owner A*'s payments to Comfort Consulting and deposited by **MORRISON** in 2014, 2015, 2016, and 2017 exceeded $9,000 but were less than $10,000.

13.     **MORRISON** and *Owner A* attempted to avoid the CTR reporting requirements to prevent the IRS from detecting that **MORRISON** did not report the payments from *Owner A* as income to the IRS.

14.     From May 2014 through December 2018, *Owner A*, through *Company A*, made at least $561,667 in payments to **MORRISON** in the form of checks deposited into **MORRISON's** Comfort Consulting account at Comerica Bank.

15.     **MORRISON** used the payments from *Owner A* and *Company A*, that he deposited into his Comfort Consulting account, for personal expenditures and not for legitimate business expenses.

16.     **MORRISON** did not declare to the IRS *Owner A*'s payments to Comfort Consulting as income in 2014, 2015, 2016, 2017, or 2018.

17.     In a further effort to conceal the payments from *Owner A*, **MORRISON** did not file a federal income tax return in 2015, 2016, 2017, and 2018.

18.     By not declaring to the IRS the payments from *Owner A* as income,

**MORRISON** avoided paying approximately $118,200 in taxes.

## COUNT ONE

(Federal Income Tax Evasion - 26 U.S.C. § 7201)

### D-1 ALBERT MORRISON

On or about April 15, 2016, in the Eastern District of Michigan, defendant **ALBERT MORRISON**, a resident of Madison Heights, Michigan, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for the calendar year 2015, in the amount of $46,243, by failing to report income received during the taxable year 2015, all in violation of Title 26, United States Code, Section 7201.

## COUNT TWO

(Federal Income Tax Evasion - 26 U.S.C. § 7201)

### D-1 ALBERT MORRISON

On or about April 15, 2017, in the Eastern District of Michigan, defendant **ALBERT MORRISON**, a resident of Madison Heights, Michigan, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for the calendar year 2016, in the amount of $33,656, by failing to report income received during the taxable year 2016, all in violation of Title 26, United States Code, Section 7201.

## COUNT THREE

(Federal Income Tax Evasion - 26 U.S.C. § 7201)

**D-1 ALBERT MORRISON**

On or about April 15, 2018, in the Eastern District of Michigan, defendant **ALBERT MORRISON**, a resident of Madison Heights, Michigan, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for the calendar year 2017, in the amount of $29,603, by failing to report income received during the taxable year 2017, all in violation of Title 26, United States Code, Section 7201.

## COUNT FOUR

(Federal Income Tax Evasion - 26 U.S.C. § 7201)

**D-1 ALBERT MORRISON**

On or about April 15, 2019, in the Eastern District of Michigan, defendant **ALBERT MORRISON**, a resident of Madison Heights, Michigan, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for the calendar year 2018, in the amount of $8,689, by failing to report income received during the taxable year 2018, all in violation of Title 26, United States Code, Section 7201.

## COUNT FIVE

(Failure to File Federal Income Tax Return - 26 U.S.C. § 7203)

**D-1 ALBERT MORRISON**

During the calendar year 2015, defendant **ALBERT MORRISON**, a resident of Madison Heights, Michigan, in the Eastern District of Michigan, a married man, had gross income exceeding $20,600. By reason of that gross income he was required by law, following the close of calendar year 2015 and on or before April 15, 2016, to make an income tax return to the Internal Revenue Service at Cincinnati, Ohio, to a person assigned to receive returns at a local office of the Internal Revenue Service, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating the items of his gross income and any deductions and credits to which he was entitled. Knowing and believing this, **MORRISON**, did willfully fail, on or about April 15, 2016, in the Eastern District of Michigan and elsewhere, to make an income tax return. All in violation of Title 26, United States Code, Section 7203.

## COUNT SIX

(Failure to File Federal Income Tax Return - 26 U.S.C. § 7203)

**D-1 ALBERT MORRISON**

During the calendar year 2016, defendant **ALBERT MORRISON**, a resident of Madison Heights, Michigan, in the Eastern District of Michigan, a

6

married man, had gross income exceeding $20,700. By reason of that gross income

he was required by law, following the close of calendar year 2016 and on or before

April 15, 2017, to make an income tax return to the Internal Revenue Service at

Cincinnati, Ohio, to a person assigned to receive returns at a local office of the

Internal Revenue Service, or to another Internal Revenue Service office permitted

by the Commissioner of Internal Revenue, stating the items of his gross income

and any deductions and credits to which he was entitled. Knowing and believing

this, **MORRISON**, did willfully fail, on or about April 15, 2017, in the Eastern

District of Michigan and elsewhere, to make an income tax return. All in violation

of Title 26, United States Code, Section 7203.

## COUNT SEVEN

(Failure to File Federal Income Tax Return - 26 U.S.C. § 7203)

## D-1 ALBERT MORRISON

During the calendar year 2017, defendant **ALBERT MORRISON**, a

resident of Madison Heights, Michigan, in the Eastern District of Michigan, a

married man, had gross income exceeding $20,800. By reason of that gross income

he was required by law, following the close of calendar year 2017 and on or before

April 15, 2018, to make an income tax return to the Internal Revenue Service at

Cincinnati, Ohio, to a person assigned to receive returns at a local office of the

Internal Revenue Service, or to another Internal Revenue Service office permitted

by the Commissioner of Internal Revenue, stating the items of his gross income and any deductions and credits to which he was entitled. Knowing and believing this, **MORRISON**, did willfully fail, on or about April 15, 2018, in the Eastern District of Michigan and elsewhere, to make an income tax return. All in violation of Title 26, United States Code, Section 7203.

## COUNT EIGHT

(Failure to File Federal Income Tax Return - 26 U.S.C. § 7203)

**D-1 ALBERT MORRISON**

During the calendar year 2018, defendant **ALBERT MORRISON**, a resident of Madison Heights, Michigan, in the Eastern District of Michigan, a married man, had gross income exceeding $24,000. By reason of that gross income he was required by law, following the close of calendar year 2018 and on or before April 15, 2019, to make an income tax return to the Internal Revenue Service at Cincinnati, Ohio, to a person assigned to receive returns at a local office of the Internal Revenue Service, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating the items of his gross income and any deductions and credits to which he was entitled. Knowing and believing this, **MORRISON**, did willfully fail, on or about April 15, 2019, in the Eastern

8

District of Michigan and elsewhere, to make an income tax return. All in violation

of Title 26, United States Code, Section 7203.

**THIS IS A TRUE BILL**

*s/Grand Jury Foreperson*
Grand Jury Foreperson


DAWN N. ISON
United States Attorney


*s/David A. Gardey*
DAVID A. GARDEY
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Unit


*s/Sarah Resnick Cohen*
SARAH RESNICK COHEN
Assistant United States Attorney
Public Corruption & Civil Rights Unit
211 W. Fort St., Ste. 2001
Detroit, MI  48226
313-226-9100


*s/Karen L. Reynolds*
KAREN L. REYNOLDS
Assistant United States Attorney
White Collar Crimes Unit
211 W. Fort St., Ste. 2001
Detroit, MI  48226
313-226-9100


Dated:   April 6, 2022

| United States District Court Eastern District of Michigan | **Criminal Case Cove** | Case: 2:22-cr-20184 Assigned To : Michelson, Laurie J. Referral Judge: Patti, Anthony P. Filed: 4/6/2022 IND USA V MORRISON (LH) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to compl

| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | **AUSA's Initials:**    *SRC* |

**Case Title:** USA v.  **D-1   ALBERT MORRISON**

**County where offense occurred :**  Oakland

**Check One:**    ☒ Felony          ☐ Misdemeanor          ☐ Petty

   ✓ Indictment/____Information --- **no** prior complaint.
   ____Indictment/____Information --- based upon prior complaint [**Case number:**                    ]
   ____Indictment/____Information --- based upon LCrR 57.10 (d) **[Complete Superseding section below]**.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**Superseding to Case No:** _____          **Judge:** _____

   ☐ Corrects errors; no additional charges or defendants.
   ☐ Involves, for plea purposes, different charges or adds counts.
   ☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

April 6, 2022
Date

*[signature]*

SARAH RESNICK COHEN
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9637
E-Mail address: sarah.cohen@usdoj.gov
Attorney Bar #:  P51968

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.