

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



UNITED STATES OF AMERICA,

    CRIMINAL NO. 22-20184

vs.

    HON. LAURIE MICHELSON

D-1 ALBERT MORRISON and
D-2 JOHN DAVID,

    VIOLATIONS:
    Conspiracy
    (18 U.S.C. § 371)

          Defendants.

    Federal Program Bribery
    (18 U.S.C. § 666(a)(1)(B) and § 666(a)(2))

    Tax Evasion
    (26 U.S.C. § 7201)

    Failure to File Tax Returns
    (26 U.S.C. § 7203)

_____/

## **FIRST SUPERSEDING INDICTMENT**

THE GRAND JURY CHARGES:

## **GENERAL ALLEGATIONS**

At all times relevant to this Superseding Indictment:

    1.    Madison District Public Schools ("Madison Schools") was a

government agency operating in Madison Heights, Michigan.

1

2.    Madison Schools was a government agency which received more than $10,000 under one or more federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, and other forms of federal assistance in each one-year period for calendar years 2014 through 2018.

3.    Defendant **ALBERT MORRISON (MORRISON)** was the elected President of the Madison Schools Board of Education and an agent of Madison Schools.

4.    **MORRISON's** responsibilities as an agent of Madison Schools included performing certain official acts including presiding over monthly school board meetings, seeking school board approval of the district's expenditures, and authorizing the use of his signature on district checks paying vendors for work performed on Madison Schools property.

5.    Defendant **JOHN DAVID (DAVID)** was one of the owners of "Emergency Reconstruction" and of "Emergency Restoration", located in Troy, Michigan. Both companies provided building maintenance and reconstruction services.

6.    Madison Schools paid Emergency Reconstruction and Emergency Restoration with checks bearing **MORRISON's** signature and hand delivered to **DAVID**.

7.    **DAVID** was a long-time friend of **MORRISON**.

2

8.     State of Michigan laws and Madison Schools policies required that maintenance and repair of school property exceeding a specified dollar amount be awarded following a publicly advertised competitive bidding process.

9.     Competitive bidding was not required when the maintenance or repair was designated an emergency.

10.    An emergency was defined by Madison Schools policy as "a situation where immediate action is required to protect life and limb or to preserve valuable property" and identified "fire and flood" as examples.

## COUNT ONE

(Conspiracy to Commit Federal Program Bribery -
18 U.S.C. §§ 371, 666(a)(1)(B))

11.    The general allegations are included in this count.

## THE CONSPIRACY

12.    From at least January 2014 through December 2018, in the Eastern District of Michigan and elsewhere, defendants **ALBERT MORRISON** and **JOHN DAVID,** knowingly and willfully conspired and agreed with each other for **MORRISON**, an agent of Madison Schools, to corruptly accept things of value from **DAVID**, to wit: monetary payments, intending to be influenced and rewarded in connection with Madison Schools maintenance and construction projects granted to **DAVID's** businesses which projects were valued at more than $5,000,

3

in violation of Title 18, United States Code, Section 666(a)(1)(B).

## THE OBJECT OF THE CONSPIRACY

13.     **MORRISON** and **DAVID** devised and engaged in a scheme in

which **DAVID** paid **MORRISON**, with the intent to influence and reward

**MORRISON**, for using his position as President of the Madison Schools Board of

Education to assist **DAVID** in obtaining maintenance and reconstruction projects

and payments from Madison Schools.

## THE MANNER AND MEANS OF THE CONSPIRACY

14.     From in or about January 2012 through December 2018,

**MORRISON** was the elected Madison Schools Board of Education President and

was an agent of the school district.

15.     **MORRISON** and **DAVID** corruptly agreed that **DAVID's** companies

Emergency Reconstruction and Emergency Restoration would be awarded

Madison Schools' maintenance and construction projects without a public

competitive bidding process or prior approval by the Madison Schools Board of

Education.

16.     To easily obtain a substantial amount of work in the Madison Schools,

**DAVID** knew he needed to "pay to play" and corruptly agreed with **MORRISON**

to "pay to play."

17.     To hide their scheme and the payments to **MORRISON** by **DAVID,**

**MORRISON** created Comfort Consulting, LLC.  **MORRISON** was the sole owner of Comfort Consulting.

18.    **MORRISON** opened and maintained a business checking account for Comfort Consulting at Comerica Bank in Sterling Heights, Michigan. **MORRISON** was the sole signer on the account.

19.    With the intent to influence and reward **MORRISON** and to hide the scheme, beginning in May 2014, **DAVID** routinely made secret payments to **MORRISON** by writing checks to Comfort Consulting instead of directly to **MORRISON**.

20.    Federal regulations required banks to file a Currency Transaction Report (CTR) for all cash transactions over $10,000.

21.    To avoid scrutiny and to hide their scheme, the payments **DAVID** made to Comfort Consulting which **MORRISON** deposited were less than $10,000, thereby reducing the chance that CTR reporting requirements would disclose their bribery scheme if one of the checks were cashed.

22.    **DAVID** and **MORRISON** also attempted to avoid the CTR reporting requirements to prevent the Internal Revenue Service from detecting that **MORRISON** did not report the payments from **DAVID** as income.

23.    From May 2014 through December 2018, **DAVID** made at least $561,667 in payments to **MORRISON** in the form of checks deposited into

5

**MORRISON**'s Comfort Consulting account.

24.     **MORRISON** used the payments from **DAVID** that he deposited into his Comfort Consulting account for personal expenditures and not for legitimate business expenses.

25.     **MORRISON** did not declare **DAVID's** payments to his company as income to the Internal Revenue Service in 2014, 2015, 2016, 2017, or 2018.

26.     In a further effort to conceal the payments from **DAVID**, **MORRISON** did not file a federal income tax return in 2015, 2016, 2017, and 2018.

27.     By not declaring the payments from **DAVID** as income to the Internal Revenue Service, **MORRISON** avoided paying the Internal Revenue Service approximately $118,200 in taxes.

28.     Besides the checks to Comfort Consulting, **DAVID** also corruptly paid and rewarded **MORRISON** with the use of a car, gift cards, vacations, and rental payments on **MORRISON's** boat slip.

29.     In exchange for the payments **MORRISON** corruptly received from **DAVID**, **MORRISON** used his position as President of the school board to ensure payments to **DAVID** were made using official district checks bearing **MORRISON's** signature.

30.     In exchange for the payments **MORRISON** corruptly received from

**DAVID**, **MORRISON** also used his position as President to ensure that the payments already made to **DAVID** during the prior month were approved by the school board by moving to approve the check registers at school board meetings.

31.     To ensure that Madison Schools continued to do business with **DAVID** and so **DAVID** could continue corruptly rewarding him, **MORRISON** threatened and bullied school employees and administrators who questioned the business relationship between Madison Schools and **DAVID**.

32.     To keep the payments secret from the school board and the community in the Madison Schools, **MORRISON**, when publicly confronted at a Madison schools board meeting, denied having any financial ties to **DAVID** or Emergency Restoration.

33.     MORRISON also failed to disclose to State of Michigan auditors the payments from **DAVID**.

**THE OVERT ACTS WHICH FURTHERED THE CONSPIRACY**

34.     To further the unlawful conspiracy, one or more of the conspirators committed the following acts, among others:

35.     On May 12, 2014, **MORRISON's** request for articles of organization for Comfort Consulting, LLC were received and filed by the State of Michigan.

36.     On May 13, 2014, **MORRISON** applied for and received an Employer Identification Number (EIN) from the Internal Revenue Service.

37.     On May 14, 2014, **MORRISON** opened a checking account at Comerica Bank, in Sterling Heights, Michigan.

38.     Beginning on May 19, 2014, **DAVID** wrote Emergency Restoration and Emergency Reconstruction checks to Comfort Consulting.

39.     On the following approximate dates, among others, **DAVID**, with intent to influence and reward **MORRISON**, corruptly paid **MORRISON** through Comfort Consulting, LLC:

| Approximate Date | Amount of Payment |
|---|---|
| May 19, 2014 | $9,850 |
| July 7, 2014 | $9,875 |
| October 17, 2014 | $9,800 |
| November 12, 2014 | $9,880 |
| December 12, 2014 | $9,850 |
| December 24, 2014 | $9,800 |
| January 30, 2015 | $9,850 |
| February 9, 2015 | $9,800 |
| February 27, 2015 | $9,800 |
| April 21, 2015 | $9,850 |
| May 4, 2015 | $9,800 |
| June 3, 2015 | $9,825 |
| June 26, 2015 | $9,850 |
| July 29, 2015 | $9,885 |
| August 27, 2015 | $9,825 |
| September 29, 2015 | $9,940 |
| October 26, 2015 | $9,925 |

| November 25, 2015 | $9,885 |
| December 21, 2015 | $9,875 |
| January 20, 2016 | $9,822 |
| February 22, 2016 | $9,875 |
| March 29, 2016 | $9,875 |
| May 27, 2016 | $9,800 |
| July 21, 2016 | $9,850 |
| August 18, 2016 | $9,850 |
| September 15, 2016 | $9,875 |
| October 13, 2016 | $9,875 |
| November 14, 2016 | $9,825 |
| December 13, 2016 | $9,525 |
| January 12, 2017 | $9,525 |
| February 10, 2017 | $9,525 |
| March 9, 2017 | $9,525 |
| May 12, 2017 | $9,525 |
| June 9, 2017 | $9,500 |
| July 10, 2017 | $9,400 |
| August 24, 2017 | $9,450 |
| September 27, 2017 | $9,400 |
| October 26, 2017 | $9,550 |
| January 19, 2018 | $6,400 |
| February 20, 2018 | $6,400 |
| March 29, 2018 | $4,900 |
| April 27, 2018 | $4,900 |
| May 25, 2018 | $4,700 |
| June 28, 2018 | $4,400 |
| July 24, 2018 | $3,100 |
| August 8, 2018 | $3,000 |

| September 17, 2018 | $3,600 |
|---|---|

40.    From on or about May 2014 through on or about 2018, **MORRISON** used **DAVID's** payments to the Comfort Consulting account for personal and family expenditures.

41.    **MORRISON** also used the money received from **DAVID** on vacations in Florida in 2015, 2016, and 2017.

42.    In or about February 2017, **MORRISON** paid $2,000 for a vacation rental in Florida using the money he corruptly received from **DAVID**.

43.    In or about March 2017, **MORRISON** paid $2,311.25 for a vacation rental in Florida using the money he corruptly received from **DAVID**.

44.    In or about April 2017, **MORRISON** used the money he corruptly received from **DAVID** at the following locations while he vacationed in Florida:

      a.  Jaws Raw Bar (Islamorada) ($239.95)

      b.  Snooks Bayside Restaurant (Key Largo) ($544.88)

      c.  Lazy Days Restaurant (Islamorada) ($129.08)

      d.  PH Marina and Restaurant (Key Largo) ($232.00)

      e.  Sunset Grille & Raw Bar (Marathon) ($191.05)

45.    On or about June 21, 2017, **MORRISON** paid $1,385 to Miller Marina for a boat slip using the money he received from **DAVID**.

46.    On or about July 5, 2017, **MORRISON** spent $102.55 at the Wine

Dock in St. Clair Shores using the money he corruptly received from **DAVID**.

47.     On or about July 10, 2017, **MORRISON** withdrew $200 in cash from his Comfort Consulting account.

48.     On or about July 11, 2017, **MORRISON** withdrew $400 in cash from his Comfort Consulting account.

49.     On July 12, 2017, at a public Madison Schools board meeting, **MORRISON** denied having any financial ties to **DAVID** or Emergency Restoration:

> Board Member:  Now the question . . . is do you have any financial ties to Emergency Restoration?
>
> **MORRISON**:    None whatsoever.
>
> ****
>
> Board Member:  Alright, so you have no financial ties to them whatsoever?
>
> **MORRISON**:    No financial ties to Emergency Restoration whatsoever.
>
> Board Member:  You don't receive any money from them whatsoever?
>
> **MORRISON**:    No money from them whatsoever.
>
> Board member:  Never, uh, then what's the point of their getting all this work from the district?  That doesn't make sense.
>
> **MORRISON**:    What?  You think they should get it because you, you believe?

Board Member:   No.  I think we should bid it and get the best deal for the taxpayers.

50.     On or about July 12, 2017, using the money he corruptly received from **DAVID**, **MORRISON** spent $105 at a sports bar in Madison Heights.

51.     On or about July 13, 2017, using the money he corruptly received from **DAVID**, **MORRISON** paid $3,598 in credit card and phone bills and $477.38 at Costco from his Comfort Consulting account.

52.     On April 23, 2018, **MORRISON** was interviewed by the Office of Internal Audit Services which was hired by the State of Michigan Department of Education to conduct an audit of the Madison Schools.  During the interview with the auditors, **MORRISON** did not disclose any of the payments he received from **DAVID**.

53.     On June 7, 2018, **DAVID** was interviewed by the auditors hired by the State of Michigan Department of Education.  During the interview, **DAVID** did not disclose any of the payments he made to **MORRISON** or Comfort Consulting.

54.     From at least January 2014 through September 2018, **DAVID** received approximately $3,167,275 from Madison Schools through his companies Emergency Reconstruction and Emergency Restoration.

55.     From at least May 2014 through September 2018, **MORRISON** corruptly and with the intent to be influenced and rewarded, accepted payments

12

from **DAVID** totaling at least $561,667.

All in violation of Title 18, United States Code, Sections 371 and

666(a)(1)(B).

## COUNT TWO

(Bribery Concerning Programs
Receiving Federal Funds - 18 U.S.C. § 666(a)(1)(B))

### D-1   ALBERT MORRISON

The general allegations and paragraphs 11-55 are included in this count.

On or about May 12, 2017, in the Eastern District of Michigan, **MORRISON**

corruptly accepted and agreed to accept, $9,525 in a check written to Comfort

Consulting, LLC from **DAVID**, intending to be influenced and rewarded in

connection with Madison Schools' business transaction or series of transactions

involving $5,000 or more.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT THREE

(Bribery Concerning Programs
Receiving Federal Funds - 18 U.S.C. § 666(a)(1)(B))

### D-1   ALBERT MORRISON

The general allegations and paragraphs 11-55 are included in this count.

On or about August 24, 2017, in the Eastern District of Michigan,

**MORRISON** corruptly accepted and agreed to accept, $9,450 in a check written to

Comfort Consulting, LLC from **DAVID**, intending to be influenced and rewarded

in connection with a Madison Schools' business transaction or series of transactions

involving $5,000 or more.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT FOUR

(Bribery Concerning Programs
Receiving Federal Funds - 18 U.S.C. § 666(a)(1)(B))

**D-1   ALBERT MORRISON**

The general allegations and paragraphs 11-55 are included in this count.

On or about October 26, 2017, in the Eastern District of Michigan,

**MORRISON** corruptly accepted and agreed to accept, $9,550 in a check written to

Comfort Consulting, LLC from defendant **DAVID**, intending to be influenced and

rewarded in connection with Madison Schools' business transaction or series of

transactions involving $5,000 or more.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT FIVE

(Bribery Concerning Programs
Receiving Federal Funds - 18 U.S.C. § 666(a)(2))

**D-2   JOHN DAVID**

The general allegations and paragraphs 11-55 are included in this count.

14

On or about May 12, 2017, in the Eastern District of Michigan, **DAVID**

corruptly gave, offered, and agreed to give something of value to **MORRISON**, to

wit: a check for $9,525 written to Comfort Consulting, LLC from Emergency

Restoration, with intent to influence and reward **MORRISON** in connection with a

business transaction, or series of transactions of Madison Schools involving $5,000

or more.

All in violation of Title 18, United States Code, Section 666(a)(2).

## COUNT SIX

(Bribery Concerning Programs
Receiving Federal Funds - 18 U.S.C. § 666(a)(2))

**D-2   JOHN DAVID**

The general allegations and paragraphs 11-55 are included in this count.

On or about August 24, 2017, in the Eastern District of Michigan, **DAVID**

corruptly gave, offered, and agreed to give something of value to **MORRISON**, to

wit: a check for $9,450 written to Comfort Consulting, LLC from Emergency

Restoration, with intent to influence and reward **MORRISON** in connection with a

business transaction, or series of transactions of Madison Schools involving $5,000

or more.

All in violation of Title 18, United States Code, Section 666(a)(2).

## COUNT SEVEN

(Bribery Concerning Programs
Receiving Federal Funds - 18 U.S.C. § 666(a)(2))

### D-2    JOHN DAVID

The general allegations and paragraphs 11-55 are included in this count.

On or about October 26, 2017, in the Eastern District of Michigan, **DAVID**

corruptly gave, offered, and agreed to give something of value to **MORRISON**, to

wit: a check for $9,550 written to Comfort Consulting, LLC from Emergency

Restoration, with intent to influence and reward **MORRISON** in connection with a

business transaction, or series of transactions of Madison Schools involving $5,000

or more.

All in violation of Title 18, United States Code, Section 666(a)(2).

## COUNT EIGHT

(Federal Income Tax Evasion - 26 U.S.C. § 7201)

### D-1 ALBERT MORRISON

The general allegations and paragraphs 11-55 are included in this count.

On or about April 15, 2016, in the Eastern District of Michigan,

**MORRISON**, a resident of Madison Heights, Michigan, did willfully attempt to

evade and defeat the payment of a large part of the income tax due and owing by

him to the United States of America for the calendar year 2015, in the amount of

$46,243, by failing to report income received during the taxable year 2015, all in violation of Title 26, United States Code, Section 7201.

## COUNT NINE

(Federal Income Tax Evasion - 26 U.S.C. § 7201)

### D-1 ALBERT MORRISON

The general allegations and paragraphs 11-55 are included in this count.

On or about April 15, 2017, in the Eastern District of Michigan,

**MORRISON**, a resident of Madison Heights, Michigan, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for the calendar year 2016, in the amount of $33,656, by failing to report income received during the taxable year 2016, all in violation of Title 26, United States Code, Section 7201.

## COUNT TEN

(Federal Income Tax Evasion - 26 U.S.C. § 7201)

### D-1 ALBERT MORRISON

The general allegations and paragraphs 11 - 55 are included in this count.

On or about April 15, 2018, in the Eastern District of Michigan,

**MORRISON**, a resident of Madison Heights, Michigan, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for the calendar year 2017, in the amount of

$29,603, by failing to report income received during the taxable year 2017, all in violation of Title 26, United States Code, Section 7201.

## COUNT ELEVEN

(Federal Income Tax Evasion - 26 U.S.C. § 7201)

### D-1 ALBERT MORRISON

The general allegations and paragraphs 11 - 55 are included in this count.

On or about April 15, 2019, in the Eastern District of Michigan, **MORRISON**, a resident of Madison Heights, Michigan, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for the calendar year 2018, in the amount of $8,689, by failing to report income received during the taxable year 2018, all in violation of Title 26, United States Code, Section 7201.

## COUNT TWELVE

(Failure to File Federal Income Tax Return - 26 U.S.C. § 7203)

### D-1 ALBERT MORRISON

During the calendar year 2015, **MORRISON**, a resident of Madison Heights, Michigan, in the Eastern District of Michigan, a married man, had gross income exceeding $20,600. By reason of that gross income he was required by law, following the close of calendar year 2015 and on or before April 15, 2016, to make an income tax return to the Internal Revenue Service at Cincinnati, Ohio, to a

person assigned to receive returns at a local office of the Internal Revenue Service, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating the items of his gross income and any deductions and credits to which he was entitled. Knowing and believing this, **MORRISON**, did willfully fail, on or about April 15, 2016, in the Eastern District of Michigan and elsewhere, to make an income tax return. All in violation of Title 26, United States Code, Section 7203.

## COUNT THIRTEEN

(Failure to File Federal Income Tax Return - 26 U.S.C. § 7203)

### D-1 ALBERT MORRISON

During the calendar year 2016, **MORRISON**, a resident of Madison Heights, Michigan, in the Eastern District of Michigan, a married man, had gross income exceeding $20,700. By reason of that gross income he was required by law, following the close of calendar year 2016 and on or before April 15, 2017, to make an income tax return to the Internal Revenue Service at Cincinnati, Ohio, to a person assigned to receive returns at a local office of the Internal Revenue Service, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating the items of his gross income and any deductions and credits to which he was entitled. Knowing and believing this, **MORRISON**, did willfully fail, on or about April 15, 2017, in the Eastern District of Michigan and

elsewhere, to make an income tax return. All in violation of Title 26, United States Code, Section 7203.

## COUNT FOURTEEN

(Failure to File Federal Income Tax Return -26 U.S.C. § 7203)

### D-1 ALBERT MORRISON

During the calendar year 2017, **MORRISON**, a resident of Madison Heights, Michigan, in the Eastern District of Michigan, a married man, had gross income exceeding $20,800. By reason of that gross income he was required by law, following the close of calendar year 2017 and on or before April 15, 2018, to make an income tax return to the Internal Revenue Service at Cincinnati, Ohio, to a person assigned to receive returns at a local office of the Internal Revenue Service, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating the items of his gross income and any deductions and credits to which he was entitled. Knowing and believing this, **MORRISON**, did willfully fail, on or about April 15, 2018, in the Eastern District of Michigan and elsewhere, to make an income tax return. All in violation of Title 26, United States Code, Section 7203.

## COUNT FIFTEEN

(Failure to File Federal Income Tax Return -26 U.S.C. § 7203)

### D-1 ALBERT MORRISON

20

During the calendar year 2018, **MORRISON**, a resident of Madison Heights, Michigan, in the Eastern District of Michigan, a married man, had gross income exceeding $24,000. By reason of that gross income he was required by law, following the close of calendar year 2018 and on or before April 15, 2019, to make an income tax return to the Internal Revenue Service at Cincinnati, Ohio, to a person assigned to receive returns at a local office of the Internal Revenue Service, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating the items of his gross income and any deductions and credits to which he was entitled. Knowing and believing this, **MORRISON**, did willfully fail, on or about April 15, 2019, in the Eastern District of Michigan and elsewhere, to make an income tax return. All in violation of Title 26, United States Code, Section 7203.

## CRIMINAL FORFEITURE
(18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c))

## D-1 ALBERT MORRISON
## D-2 JOHN DAVID

The above allegations contained in this First Superseding Indictment are included here for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c).

Upon conviction of the offenses set forth in Counts One through Seven of this First Superseding Indictment, defendants **ALBERT MORRISON** and **JOHN**

**DAVID** shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violations, pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c).

Forfeiture includes, but is not limited to, a forfeiture money judgment against defendants **ALBERT MORRISON** and **JOHN DAVID** in favor of the United States, in an amount representing the gross proceeds obtained by each defendant as a result their respective violations of Counts One through Seven of this First Superseding Indictment.

If any of the property described above, as a result of any act or omission of the defendants:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

**THIS IS A TRUE BILL**

*s/Grand Jury Foreperson*
Grand Jury Foreperson


DAWN N. ISON
United States Attorney

*s/David A. Gardey*
DAVID A. GARDEY
Assistant United States Attorney
Chief, Public Corruption and Civil Rights Unit

*s/Sarah Resnick Cohen*
SARAH RESNICK COHEN
Assistant United States Attorney
Public Corruption and Civil Rights Unit
211 W. Fort St., Ste. 2001
Detroit, MI  48226
313-226-9100

*s/Karen L. Reynolds*
KAREN L. REYNOLDS
Assistant United States Attorney
White Collar Crimes Unit
211 W. Fort St., Ste. 2001
Detroit, MI  48226
313-226-9100

*s/Gjon Juncaj*
GJON JUNCAJ
Assistant United States Attorney
Money Laundering and Asset Recovery Unit
211 W. Fort St., Ste. 2001
Detroit, MI  48226
313-226-9100

Dated:  July 13, 2022

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | **Case Number**<br>22-20184 |
|---|---|---|

**NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.**

| **Companion Case Information** | | **Companion Case Number:** |
|---|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | | **Judge Assigned:** |
| ☐ Yes   ☒ No | | **AUSA's Initials:**   *SRC* |

**Case Title:** USA v.   ALBERT MORRISON and JOHN DAVID

**County where offense occurred :**  Oakland

**Check One:**      ☒ Felony            ☐ Misdemeanor            ☐ Petty

_____Indictment/_____Information --- **no prior complaint.**

_____Indictment/_____Information --- based upon prior complaint [**Case number:**                    ]

__✓__Indictment/_____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:**  22-20184                    **Judge:**  Laurie Michelson

☐ Corrects errors; no additional charges or defendants.

☐ Involves, for plea purposes, different charges or adds counts.

☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| Albert Morrison and John David | 18 U.S.C. § 371 | N/A |
| Albert Morrison and John David | 18 U.S.C. § 666(a)(1)(B)<br>and § 666(a)(2) | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

July 13, 2022
Date

SARAH RESNICK COHEN
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9637
E-Mail address: sarah.cohen@usdoj.gov
Attorney Bar #:  P51968

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.