United States District Court
Eastern District of Michigan
Southern Division

United States of America,

Case No. 22-20184

v.

Hon. Laurie Michelson

D-1 Albert Morrison,

Defendant.

_____/

## Plea Agreement

The United States of America and the defendant, Albert Morrison, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.    Counts of Conviction**

The defendant will plead guilty to Counts 1 and 8 of the Superseding Indictment. Count 1 charges the defendant with Conspiracy to Commit Federal Program Bribery under 18 U.S.C. § 371. Count 8 charges the defendant with Tax Evasion under 26 U.S.C. § 7201.

Defendant's Initials: _____

## 2.    Statutory Maximum Penalties

The defendant understands that the counts to which he is pleading guilty carry the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | 5 Years |
|---------|----------------------|---------|
|         | Fine: | $250,000 |
|         | Term of supervised release: | 3 years |
| Count 8 | Term of imprisonment: | 5 Years |
|         | Fine: | $100,000 |
|         | Term of supervised release: | 3 years |

## 3.    Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the Superseding Indictment against the defendant in this case.  Specifically, the United States Attorney's Office will move to

Defendant's Initials: _____

dismiss Counts 2 - 4 and Counts 9 - 15 of the pending Superseding Indictment in this case.

**4.      Elements of Counts of Conviction**

The elements of Count 1, charging a violation of Title 18, United States Code, Section 371, that the government would need to prove at trial are:

(1) Two or more persons conspired, or agreed, to commit the crime alleged: Federal Program Bribery, in violation of 18 U.S.C. § 666(a)(1)(B);

(2) The defendant knowingly and voluntarily joined the conspiracy;

(3) One or more overt acts were committed by a conspirator in furtherance of the illegal purpose.

The elements of § 666 are:

(1)   At the time alleged in the indictment, defendant was an agent of a local government entity;

Page 3 of 27                                                     Defendant's Initials:

(2)   The local government entity was a local government that received, in any one-year period before or after the commission of the offense, federal benefits in excess of $10,000;

(3)   The defendant corruptly solicited, accepted and agreed to accept cash and other things of value, with the intent to be influenced and rewarded in connection with any business transaction and/or series of transactions of the local government entity; and

(4)   The business transaction and/or series of transactions involved anything of value of $5,000 or more.

The elements of Count 8, charging a violation of Title 26, United States Code, Section 7201, that the government would need to prove at trial are:

(1)   A substantial income tax was due and owing from the defendant in addition to that declared in his income tax return;

(2)   The defendant made an affirmative attempt to evade or defeat an income tax; and

(3)   The defendant willfully attempted to evade or defeat the tax.

Defendant's Initials

5.    **Factual Basis**

From January 2014 through December 2018, Albert MORRISON, D-1, was the elected Madison Schools Board of Education President ("Madison Schools") located in Madison Heights, Michigan. Madison Schools are within the Eastern District of Michigan and is a government agency which received more than $10,000 under one or more federal programs in each one-year period for calendar years 2014 through 2018.

John David was one of the owners of Emergency Reconstruction and Emergency Restoration located in Troy, Michigan. Both companies, provided reconstruction and maintenance services in the private and public sectors as well as mitigation work for water damage.

John David and MORRISON had been friends in the past before the years in question. That connection was reestablished in 2014 when David's company performed substantial repairs for broken underground pipe at Edison Middle School in the Madison Heights School District.

Defendant's Initials:

MORRISON had the ability to assist Emergency Reconstruction and Emergency Restoration obtain additional work in the District as well as make referrals apart from the school district and help procure various tradesmen to act as subcontractors.  Knowing that MORRISON had the ability to corruptly circumvent the bidding process, MORRISON prepared paperwork for Comfort Consulting, LLC and, on May 12, 2014, filed that with the Michigan Department of Licensing and Regulatory Affairs, Corporate Division. David began making regular payments to MORRISON through Comfort Consulting from 2014 to September 2018. MORRISON accepted these payments from David with the intent to be influenced and rewarded for using his position as President of the Madison Schools Board of Education to assist David in obtaining maintenance and reconstruction projects and payments from Madison Schools. When doing so, John David had every reason to believe MORRISON had the ability through his position to assist procuring more work within the school district, and reasonably would be corruptly influenced to do so.

Page **6** of **27**                                    Defendant's Initials

During the relevant time period John David, Emergency Reconstruction, and Emergency Restoration received substantial income for construction and maintenance services from Madison Schools. MORRISON used the payments from David for personal expenditures and luxuries.

In addition, MORRISON did not declare David's payments to Comfort Consulting to State of Michigan auditors or the Internal Revenue service in 2014, 2015, 2016, 2017 or 2018 and filed no income tax return in 2015 – 2018. By not declaring the payments as income to the IRS, MORRISON avoided paying the IRS approximately $118, 200 in taxes.  MORRISON's failure to report this income on a 2015 tax return was an affirmative act in which he attempted to evade or defeat a tax. MORRISON's act of evasion (the failure to report the funds from DAVID) was done willfully, that is, with knowledge that his action was contrary to the law.

Defendant's Initials:

6.   **Advice of Rights**

The defendant has read the Superseding Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.   The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.   The right to confront and cross-examine adverse witnesses at trial;

F.   The right to testify or not to testify at trial, whichever the defendant chooses;

Defendant's Initials: _____

G.  If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.  The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.  The right to compel the attendance of witnesses at trial.

## 7.  Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant

Defendant's Initials: _____

understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any

Page **10** of **27**                                   Defendant's Initials: _____

conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties have no recommended guideline provisions under Federal Rule of Criminal Procedure 11(c)(1)(B). The parties reserve the right to argue the guideline range which will be predicated upon the amount of bribery.

Defendant's Initials

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

Page 12 of 27                                      Defendant's Initials:

9.   **Imposition of Sentence**

   A.   **Court's Obligation**

   The defendant understands that in determining his sentence, the

Court must calculate the applicable guideline range at sentencing and

must consider that range, any possible departures under the sentencing

guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and

apply any applicable mandatory minimums.

   B.   **Imprisonment**

   1.   **Recommendation**

   Under Federal Rule of Criminal Procedure 11(c)(1)(B), the

government recommends that the defendant's sentence of imprisonment

not exceed the middle of the defendant's guideline range as determined

by the Court.

   2.   **No Right to Withdraw**

   The government's recommendation in paragraph 9.B.1 is not

binding on the Court. The defendant understands that he will have no

right to withdraw from this agreement or withdraw his guilty plea if the

Court decides not to follow the government's recommendation. The

Page **13** of **27**                        Defendant's Initials: _____

government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.   Supervised Release

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 2-year term of supervised release.

#### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

Page **14** of 27                                    Defendant's Initials: _____

### D.   Fines

There is no recommendation or agreement as to a fine.

### E.   Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. The victims and the full amounts of restitution in this case, are as follows:

The defendant agrees to pay restitution in the following amounts to the following victim, pursuant to 18 U.S.C. § 3663(a)(3):

- Internal Revenue Service:  $118,200.00.

Defendant agrees that this restitution is due and payable immediately after the criminal judgment is entered and is subject to immediate enforcement, in full, by the government. 18 U.S.C. §§ 3612(c), 3613. If the Court imposes a schedule of payments, defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the government may immediately enforce the criminal restitution order in full.

Defendant's Initials: _____

Nothing in this plea agreement, including this Paragraph, restricts the authority of the Internal Revenue Service to pursue any of its administrative or civil remedies under the Internal Revenue Code, including but not limited to assessment (IRC, chapter 63, 26 U.S.C. § 6201 et seq.), collection (IRC, chapter 64, 26 U.S.C. § 6301 et seq.), interest (IRC, chapter 67, 26 U.S.C. § 6601 et seq.), and penalties (IRC, chapter 68, 26 U.S.C. § 6651 et seq.). The IRS will use the amount of criminal restitution set forth above as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4)(A). Defendant may not challenge the amount of the civil assessment. 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule in this criminal case nor defendant's timely payment of restitution according to that schedule will preclude the IRS from enforcing its right to seek the immediate collection of the full amount of the civil assessment.

Any payment to the IRS made by defendant pursuant to the order of restitution in this criminal case will be credited against any civil

Page 16 of 27                                         Defendant's Initials: _____

liability owed by defendant to the IRS for income taxes, interest, and penalties in connection with tax year 2015.

If full payment of criminal restitution cannot be made immediately, defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including but not limited to IRS Form 433-A ("Collection Information Statement for Wage Earners and Self-Employed Individuals") and IRS Form 433-B ("Collection Information Statement for Businesses")). He also agrees to disclose to the IRS any and all additional financial information and financial statements she has provided to the U.S. probation office. Defendant also agrees that the IRS may disclose financial information about him to the U.S. probation office.

### F. Forfeiture

Pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), Defendant agrees to forfeit to the United States his interest in all property, real and personal, which constitutes or is derived, directly

Defendant's Initials:

or indirectly, from proceeds traceable to Defendant's violation of Count One.

Defendant agrees to the entry of a forfeiture money judgment against him in favor of the United States in the amount of $561,667.00 which represents a portion of the proceeds obtained by the Defendant as a result of his violation of 18 U.S.C. § 371. Defendant agrees that the forfeiture money judgment will be satisfied, to whatever extent possible, from any property owned or under the control of Defendant. To satisfy the money judgment, Defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. The amount that Defendant owes on the forfeiture money judgment shall be reduced by the net amount of property ultimately forfeited to the United States.

Defendant agrees to the entry of one or more orders of forfeiture incorporating the forfeiture money judgment, including the Court's

Defendant's Initials:

prompt entry of a Preliminary Order of Forfeiture, upon application by the United States at, or any time before, Defendant's sentencing in this case, as mandated by Fed. R. Crim. P. 32.2. Defendant agrees to sign such an order, indicating he consents to its entry if requested to do so by the Government. Defendant agrees that the forfeiture order will become final as to him at the time entered by the Court.

Defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to property subject to forfeiture under this agreement to the United States and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture. Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in any judicial forfeiture proceeding and that he will testify truthfully in any such proceeding.

Defendant's Initials: _____

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including any Double Jeopardy challenge or other challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Rule 11(b)(1)(J), or otherwise, at the time his guilty plea is accepted.

Page **20** of 27                                   Defendant's Initials

Non-Abatement of Criminal Forfeiture: Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs; successors, and assigns, until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

### G. Special Assessment

The defendant understands that he will be required to pay a special assessment of $200 immediately upon sentencing.

## 10.  Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the guideline range determined by the Court, the

Defendant's Initials: _____

defendant also waives any right he may have to appeal his sentence on any grounds.

11. **Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

Defendant's Initials: _____

12. **Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

13. **Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the

Page 23 of 27                                    Defendant's Initials: _____

factual basis set forth in this agreement, against the defendant in any proceeding.

## 14. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 15. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions

Page 24 of 27                                              Defendant's Initials

against the defendant, or any forfeiture claim against any property, by the United States or any other party.

16.   **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on March 24, 2023. The government may withdraw from this agreement at any time before

Defendant's Initials:

the defendant pleads guilty.

Dawn N. Ison
United States Attorney

David A. Gardey
Chief, Public Corruption and
Civil Rights Unit
Assistant United States Attorney

Sarah Resnick Cohen
Assistant United States Attorney

Karen L. Reynolds
Assistant United States Attorney

Gjon Juncaj
Assistant United States Attorney
Money Laundering & Asset
Recovery Unit

Dated: March 24, 2023

Page 26 of 27

Defendant's Initials: _____

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.


_Rhonda Brazile_
Rhonda Brazile
Attorney for Defendant

_Albert Morrison_
Albert Morrison
Defendant

Dated: 3/29/2023


**Page 27 of 27**

Defendant's Initials: _AoM_